UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PATIENCE OROCK MBENG,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 02-2444

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-697-841)

Submitted: July 29, 2003

Decided: August 27, 2003

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Terri J. Scadron, Assistant Director, Genevieve Holm, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Patience Orock Mbeng, a native and citizen of Cameroon, seeks review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's (IJ's) denial of her applications for asylum and for withholding of deportation. We have reviewed the administrative record and find that substantial evidence supports the conclusion of the IJ and the Board that Mbeng failed to establish past persecution or a well-founded fear of future persecution in a protected category, as necessary to qualify for relief from deportation. *See* 8 U.S.C. § 1105a(a)(4) (1994);* 8 C.F.R. § 208.13(b) (2002). Thus, the record supports the Board's conclusion that Mbeng failed to establish her eligibility for asylum.

Additionally, we uphold the Board's denial of Mbeng's application for withholding of deportation. The standard for receiving withholding of deportation is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Mbeng has failed to establish refugee status, she cannot satisfy the higher standard for withholding of deportation.

Finally, we conclude that the Board did not err in denying Mbeng's motion to remand, as her eligibility under the diversity visa program has expired. *See* 8 U.S.C. § 1154(a)(1)(G)(ii)(II) (2000); *Nyaga v. Ashcroft*, 323 F.3d 906, 914-15 (11th Cir. 2003).

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal arguments are adequately

---

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, § 1105a(a)(4) is applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*